[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 114)
The question presented by the motion for summary judgment now before the court is whether power parachuting is a "recreational purpose" within the meaning of our recreational use statute, Conn. Gen. Stat. § 52-557f
(4). For the reasons that briefly follow, the answer to this question is Yes.
The underlying facts of this tragic case are not in dispute. The dispute between the parties is one of statutory construction that must be resolved by the court.
The defendant, Fassett Properties, L.P. ("Properties) owns a hayfield in Beacon Falls. In 1998 or 1999, one Daniel LeBrecque approached Helen Fassett ("Fassett"), the general partner of Properties, and asked permission to use the hayfield for power parachuting. "Power parachuting" involves the use of a motored flying device that takes off and later descends by the use of a parachute. Fassett gave LeBrecque permission to use the hayfield at no charge.
On July 27, 1999, LeBrecque took off from the hayfield and power parachuted with a parachuting student, Christina Beaudry. The power parachute crashed, and Beaudry was killed.
The plaintiff, Barry Dimaggio, is the administrator of Beaudry's estate. He commenced this action against Properties and Fassett by service of process on July 26, 2001. The First Count of the Revised Complaint alleges negligence against Properties. The Third Count alleges negligence against Fassett. (The Second Count is not addressed by the motion now before the court.) The defendants have filed a special defense claiming the protection of the recreational use statute.
On August 9, 2002, the defendants filed the motion for summary judgment now before the court. The motion claims the benefit of the recreational CT Page 11306 use statute. The motion was heard on September 9, 2002.
Conn. Gen. Stat. § 52-557g (b) provides that:
 Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.
"Recreational purpose" is a term of art. Conn. Gen. Stat. § 52-557f
(4) defines the term as follows:
 "Recreational purpose" includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites.
It is common ground that the plaintiffs case against the defendants rises or falls on whether "power parachuting" is a "recreational purpose" within the meaning of § 52-557f (4). The defendants observe with considerable force that "power parachuting" bears a strong resemblance to two "recreational purposes" specifically listed in the statute — viz. "hang gliding" and "sport parachuting." The plaintiff can hardly deny the resemblance, but he argues that "the fact" that the listed purposes are "similar but not identical" creates a question of material fact for the jury to resolve. This argument misconceives both the nature of the statute and the role of the court.
The Supreme Court has already construed the "recreational purposes" provision of the recreational use statute and concluded that, "the list of activities enumerated in § 52-557f (4) is not exclusive and `is not limited to' those activities listed." Scrapchansky v. Town ofPlainfield, 226 Conn. 446, 457, 627 A.2d 1329 (1993), overruled on otherCT Page 11307grounds, Conway v. Town of Wilton, 238 Conn. 653, 680 A.2d 242 (1996). As Scrapchansky explains, "The definition of `recreational purpose' in § 52-557f (4) . . . is simply a nonexclusive list of leisure activities." 226 Conn. at 456. When the status of a nonlisted activity is considered, the question is not whether that activity resembles a particular listed activity in its physical form but whether it resembles the various listed activities in terms of function. A "recreational purpose" is a "leisure" activity that is "is pleasant for its own sake." Id. at 457. Thus, Scrapchansky holds that baseball is a "recreational purpose," in spite of the fact that the statute's listed activities do not include team sports at all. Moreover, Scrapchansky makes it clear that the construction of § 52-557f (4), like all problems of statutory interpretation, is a task not for the jury but for the court.
Given the factual submissions and decisional background of this case, the proper resolution of the motion for summary judgment is not in doubt. The submissions make it clear that "power parachuting" is a leisure activity that is pursued because it is considered pleasant for its own sake. Although "power parachuting" is not a "recreational purpose" specifically listed in the statute, its similarity to both "hang gliding" and "sport parachuting" is obvious. The physical form of "power parachuting" is plainly closer to that of either "hang gliding" or "sport parachuting" than the physical form of baseball — duly found to be a "recreational purpose" in Scrapchansky — is to the physical form of any of the "recreational purposes" enumerated in the statute. The dispositive fact is that the unction of "power parachuting" is similar to thefunction of all of the "recreational purposes" enumerated in the statute. It is a "leisure" activity that is "pleasant for its own sake." "Power parachuting" is thus a "recreational purpose" within the meaning of § 52-557f (4).
The motion for summary judgment is granted.
 ___________________ Jon C. Blue Judge of the Superior Court
CT Page 11308